IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH RODGERS** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-2022 |
| | : | |
| **JOHN PALAKOVICH, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                   **October 24, 2006**

     Now before the Court is the pro se Petition of Joseph Rodgers ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the Smithfield State Correctional Institution. For the reasons that follow, the Petition will be denied and dismissed.

**I.     Procedural History**

     On March 2, 1999, a jury found Petitioner guilty of first degree murder, attempted murder, aggravated assault, carrying a firearm on a public street, and possession of an instrument of crime. He subsequently was sentenced to a term of life imprisonment for the first degree murder conviction, followed by twenty to forty years on the related charges. The Pennsylvania Superior Court affirmed the convictions on June 7, 2000. Commonwealth v. Rodgers, 760 A.2d 432 (Pa. Super. Ct. 1999) (Table). The Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal on October 25, 2000.

     Petitioner filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. on October 29, 2001. Court-appointed counsel subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that, after review of the entire record, he had concluded there were no

meritorious issues to advance through PCRA proceedings. The PCRA court dismissed the petition on July 12, 2002. The Pennsylvania Superior Court dismissed the Petitioner's PCRA appeal on December 17, 2002 for failure to file a brief. Petitioner did not seek allocatur from the Pennsylvania Supreme Court.

Petitioner filed a second pro se PCRA petition for collateral relief seeking to have his appellate rights reinstated nunc pro tunc on September 15, 2004. The petition was dismissed as untimely on November 9, 2004.

On April 24, 2005, Petitioner filed the instant pro se petition for writ of habeas corpus claiming a denial of his right to appeal. The Court designated United States Magistrate Judge Peter B. Scuderi to submit a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b). Magistrate Judge Scuderi has recommended that the Court deny the Petition as time-barred. Because Petitioner has objected to the Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Having reviewed the Report and Recommendation, Petitioner's Objections thereto, and the Government's Response, the Court will approve and adopt the Report and Recommendation.

**II.     Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 et seq., which provides in pertinent part:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

      seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

  The AEDPA statute of limitations is subject to equitable tolling when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations omitted). "This unfairness generally occurs when the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal quotations omitted); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("[g]enerally a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").

III. Analysis

  In his Report and Recommendation, Magistrate Judge Scuderi noted that Petitioner's conviction became final on January 31, 2001, ninety days after the Pennsylvania Supreme Court

denied his request for allocatur on direct appeal.  See S.Ct. R. 13(1); Morris v. Horn, 187 F.3d 333, 337, n.1 (3d Cir. 1999) ("[a]fter ninety days, the Pennsylvania Supreme Court's decision became final because the time for seeking certiorari expired").  Magistrate Judge Scuderi also noted that Petitioner filed his first PCRA petition on October 29, 2001, 279 days into his one-year AEDPA statute of limitations period.  This petition tolled the statute of limitations until January 17, 2003, thirty days after its dismissal by the Superior Court on December 12, 2002.  See Pa. R. C. P. 1113(a) (a petition for allowance of appeal in the Pennsylvania Supreme Court is to be filed within thirty days of the entry of the order of the Superior Court).   Thus, when the AEDPA statute of limitations began running again, Petitioner had 86 days, or until April 13, 2003, to file a timely § 2254 petition.

     Petitioner filed his § 2254 petition on April 24, 2005, two years beyond the applicable deadline.  Petitioner's second PCRA petition filed on September 15, 2004 did not toll the statute of limitations because it was filed after the limitations period already had expired.  Since Petitioner failed to present evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so, Magistrate Judge Scuderi concluded that he was not entitled to equitable tolling and recommended that Petitioner's § 2254 motion be dismissed.

     Petitioner objects to the Report and Recommendation on the ground that the AEDPA "does not explain what to do in cases where, as here, a motion to re-open a previous order is denied and the petitioner is not permitted to appeal that order..." Objections at 4.  Petitioner presumably is referring to the proceedings surrounding his second PCRA petition.  However, the AEDPA statute of limitations is not tolled because that petition was not filed until after the AEDPA limitations period had expired.  Accordingly, Petitioner's Objections are without merit and will be overruled.

**IV.     Conclusion**

The Petition must be dismissed because it was filed outside the applicable limitations period without an adequate explanation for the delay.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH RODGERS** | : | **CIVIL ACTION** |
| v. | : | **NO. 05-2022** |
| **ROBERT D. SHANNON, et al.** | : | |

## ORDER

**AND NOW**, this  24th  day of October, 2006, upon consideration of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi (docket no. 11), Petitioner's Objections thereto (docket no. 14), and the Government's Response (docket no. 15), and after de novo review of the pleadings and record in this case, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED**;

3. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**